IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| STEPHEN TRACY JEFFORDS, SR. | CIVIL ACTION NO.: CV290-604 |
| THOMAS EDWARD HALL | CV290-605 |
| LARRY STEPHEN CHRISTIAN | CV290-607 |
| GRADY C. DYAL | CV290-608 |
| ALLEN ROBERTS | CV290-613 |
| OSWALD LEE JONES | CV290-615 |
| CARL DOUGLAS HUTCHINSON | CV290-616 |
| JOHN WAYNE STRICKLAND | CV290-617 |
| ROBERT STANLEY GRIFFIN | CV590-262 |
| RICHARD LAMAR CARTER, | CV590-267 |
| Plaintiffs, | |
| v. | |
| CSX TRANSPORTATION, INC., | |
| Defendant. | |

## ORDER

Defendant has filed an Omnibus Motion in Limine. (Jeffords, Doc. 69.) Plaintiffs have filed a response. Defendant seeks to exclude certain evidence at trial. After consideration, and following the numbered paragraphs of Defendant's motion, the Court rules as follows:

1. <u>Family Circumstances of the Plaintiffs</u> - seeking to exclude references to family illness, tragedy, <u>etc</u>. (emphasis added.) That portion of Defendant's motion is **Denied**. The Court can not now determine that

all references to family circumstances are irrelevant. The Court will rule on objections to specific questions at trial.

2. <u>Reference to Other Employees' Injuries</u> - seeking to exclude any reference to any prior or subsequent injury involving any railroad employee other than Plaintiffs. That portion of Defendant's motion is **Denied.** The Court will determine the relevance of specific questions at trial.

3. <u>Workers' Compensation</u> - seeking to exclude any remarks indicating that Plaintiffs are not covered by workers' compensation. That portion of Defendant's motion is **Granted**.

4. <u>Relative Wealth of Defendant</u> - seeking to exclude references to the relative wealth of Defendant as compared to Plaintiffs. That portion of Defendant's motion is **Granted**.

5. <u>Punitive Comments</u> - seeking to exclude any reference that the purpose of the trial or the jury verdict is to "send a message" to punish Defendant. That portion of Defendant's motion is **Granted.**

6. <u>Lost Wages and Earning Capacity</u> - seeking to exclude any reference to Plaintiffs' lost wages or future earning capacity. That portion of Defendant's motion is **Granted.**

7. <u>Character Evidence</u> - seeking to exclude any reference that Plaintiffs were good employees, received work commendations, or favorable

2

AO 72A
(Rev. 8/82)

job reviews. That portion of Defendant's motion is **Denied.** The Court will determine the relevance of specific questions at trial.

8. <u>Reference to Plaintiffs by Their First Name or Nickname</u> - seeking to direct parties and witnesses to refrain from addressing Plaintiffs by their first name or nickname. That portion of Defendant's motion is **Denied.**

9. <u>No Duty to Monitor Health of Employees</u> - instructing counsel for Plaintiffs not to attempt to introduce evidence concerning whether or not Defendant monitored the health of Plaintiffs. That portion of Defendant's motion is **Denied.** The Court will determine the relevance of specific questions at trial.

10. <u>References to Other Toxic Substances</u> - instructing Plaintiffs and their counsel to refrain from attempting to introduce evidence of exposure to non-asbestos toxic substances. That portion of Defendant's motion is **Denied.** The Court will determine the relevance of specific questions at trial.

11. <u>Demonstrative Work Practice Evidence</u> - seeing to exclude evidence demonstrative of various work practices. That portion of Defendant's motion is **Denied.**

AO 72A
(Rev. 8/82)

12. <u>Household Exposure Evidence</u> - seeking to exclude evidence of asbestos exposure as children from family members who worked with Defendant and brought asbestos fibers home on their clothes. That portion of Defendant's motion is **Denied**. The Court will determine the relevance of specific questions at trial.

**SO ORDERED**, this 22 day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)